MacCONAGHY & BARNIER, PLC
JOHN H. MacCONAGHY, SBN 83684
JEAN BARNIER, SBN 231683
645 First St. West
Sonoma, CA 95476
(707) 935-3205
(707) 935-7051 (Facsimile)
Email: macclaw@macbarlaw.com

Proposed Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>NORTH FORK COMMUNITY POWER, LLC<br><br>A California limited liability company<br><br>   Debtor. | **Case No. 22-41001 RLE**<br><br>Chapter 11 |

**DECLARATION OF JOHN H. MacCONAGHY IN SUPPORT OF
DEBTOR'S EMERGENCY MOTION FOR INTERIM ORDER AND FINAL ORDER (1)
AUTHORIZING DEBTOR IN POSSESSION TO OBTAIN POSTPETITION FINANCING;
(2) AUTHORIZING THE DEBTOR IN POSSESSION TO USE CASH COLLATERAL; (3)
PROVIDING ADEQUATE PROTECTION; AND (3) GRANTING LIENS,
SECURITY INTERESTS AND SUPERPRIORITY CLAIMS**

I, John H. MacConaghy, state:

1. I am an attorney admitted to the bar of this Court and am proposed counsel of record for the Debtor-in-possession North Fork Community Power, LLC in this Chapter 11 case.

2. I personally participated in the agreement for use of cash collateral and debtor-in-possession financing with representatives of UMB Bank, N.A., as trustee (the "Trustee") under the Bond Documents (as defined in the DIP financing motion), and in its capacity as Trustee, as administrative agent (the "DIP Agent") for the DIP Lender, who in turn represent all of the holders of certain bonds issued California Pollution Finance Authority. The proceeds of these bonds were lent to the Debtor and the Bonds are secured by a first deed of trust and blanket UCC-1 Financing lien on all of the Debtor's assets and related security agreements.

3. I make this declaration in compliance with the Court's *Guidelines for Cash Collateral and Financing Stipulations*.

4. As to the information set forth in Section C, "Required Disclosures" of the Guidelines, the DIP Credit Agreement with the DIP Lender contains the following provisions.

5. The DIP Lender is granted a superpriority lien as defined in Section 364(d)(1). This is appropriate since the DIP Lender is currently the only secured creditor in the case and has blanket liens on all of the Debtor's property.

6. The DIP Credit Agreement and proposed Interim Order provides adequate protection and otherwise "rolls" a $150,000 prepetition emergency bridge advance by the DIP Lender to the Debtor. This is appropriate because this $150,000 advance was made less than 10 days ago and was really a part of the loan facility sought to be approved now.

7. The DIP Credit Agreement and proposed Interim Order contain findings as to the validity, perfection, priority, and amount owing on the prepetition debt owed to the DIP Lender. I have personally verified the perfection and priority of this debt and have determined that there is no basis for any Chapter 5 avoidance of the lien. My client has verified the amount owing by his concurrently filed a sworn declaration.

8. There is no waiver or modification of the automatic stay contained in the DIP Credit Agreement, other than to the extent needed for the parties to perform their obligations thereunder and for all purposes of 11 U.S.C. § 507(b).

9. There is no waiver or modification of the right of any party to file a plan. The Debtor does waive its right to seek postpetition financing from another source once the Interim Order is entered, but as a practical matter no such financing is necessary or feasible.

10. Except to the extent of the Debtor's stipulations and subject to third party challenge rights, there is no waiver or modification of applicable nonbankruptcy law relating to the DIP Lender's prepetition lien perfection.

11. Subject to third party objections to final order authorizing the DIP Credit Agreement, the Interim Order does contain a release of the DIP Lender for any claims connected with the prepetition debt. This is appropriate because (1) the inclusion of a release such as this is now standard in any type of loan forebearance, (2) no such claims appear to exist, and (3) there is no waiver of Cal.Civil Code Section 1542.

12. The DIP Credit Agreement provides for a limited indemnification of the DIP Secured Parties, solely related to losses and claims arising from the DIP Credit Documents and excluding any losses or claims arising out of the DIP Secured Parties' gross negligence or willful misconduct. This is appropriate because the inclusion of such an indemnification term is now standard in any type of DIP financing facility.

13. There is a waiver of surcharge rights under Bankruptcy Code Section 506(c), but no surcharge would be authorized in this case and absent the cash collateral and DIP loan funds, the Debtor has no ability to fund services giving rise to a surcharge right.

14. The DIP Lender is not granted any replacement lien on avoidance causes of action under the Interim Order. The DIP Secured Parties reserved the right to request that the DIP collateral include avoidance actions at the time of the final order approving the DIP Credit Agreement.

15. There is a provision of a "carve out" for Chapter 11 professional fees. There is no provision for payment of Chapter 7 expenses.

As proposed counsel for the Debtor, I am the "Certifying Professional" as defined in the Guideline. I have read the accompanying Motion, related papers, and proposed Interim Order. To the best of my knowledge, information and believe, formed after reasonable inquiry, the terms of the relief sought in the motion and agreement are in conformity with the Court's Guidelines for Cash Collateral and Financing Motions and Stipulations except as set forth above. I understand and have advised the Debtor in possession that the Court may grant appropriate relief under Rule 9024 if the Court determines that a material element of the motion or stipulation was not adequately disclosed.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct, that I have personal first-hand knowledge thereto, and that this declaration is executed on October 11, 2022 at Sonoma, California.

                                              /s/ John H. MacConaghy
                                              John H. MacConaghy

10719.first.day.dec.LLJM.docx
Case: 22-41001  Doc# 6  Filed: 10/11/22  Entered: 10/11/22 22:53:02  Page 4 of 4